## THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF COLUMBIA

- - - - - - - - - - - - - - - - - -X

KAREN A. THOBEN                          :
9714 Braided Mane Ct.
Fairfax Station, VA 22039          :   CA  1:14-cv-00927

                                                        **JURY DEMAND**

            Plaintiffs,              :

        v.                           :

MAGELLAN HRSC, Inc.                  :
d/b/a MAGELLAN HEALTH SERVICES, Inc.
6950 Columbia Gateway Drive          :
Columbia, M.D.  21046

                                     :

Serve: Corporation Services Company
       (Reg. Agent)                  :
       1090 Vermont Avenue, N.W.
       Washington, DC 20005          :

            Defendant       :
- - - - - - - - - - - - - - - - - -X

### COMPLAINT

**COME NOW PLAINTIFF**, a counselor employed in the District of Columbia by Defendant, Magellan HRSC, Inc. d/b/a Magellan Health Services, Inc.(hereinafter 'Magellan') by and through the undersigned counsel, and for the Complaint states and/or alleges the following:

### JURISDICTION

1.    Plaintiff brings this action on behalf of herself and others similarly-situated pursuant to the D.C. Code §32-1308 and for not receiving their final paycheck in a timely manner pursuant to D.C. Code §32-1301, et seq. and also pursuant to Section 16(b) of the Federal Fair Labor Standards Act (hereinafter "FLSA") of 1938, Title 29, United States Code, Section 216(b) and the D.C. Code §32-1012 for unpaid work and for unpaid overtime compensation and for liquidated damages, costs and attorney's fees required under both statutes.

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

2.    Jurisdiction is conferred on this Court by 29 U.S.C. §216(b), and 28 U.S.C. §1331, and by D.C. Code §32-1001 et seq. and §32-1301 et seq.

## THE PARTIES

3.    The Defendant, Magellan, is a private health care management company which provides services in the District of Columbia and is subject to the provisions of the FLSA, D.C. Code §32-1002(3) and D.C. Code§13-1301(1).

4.    The plaintiffs are hourly-paid employees employed by the Defendant and whom work for Magellan throughout the City.  Plaintiffs are not Federal or State employees nor are they exempt employees under the DC Code or the FLSA.

## I. FAILURE TO PROMPTLY PAY WAGES AFTER DISCHARGE OR QUIT/RESIGNATION

5.    Plaintiffs respectfully file with this Court an "opt-in" or "consent to sue" certificate consistent with a collective action as set forth in the Federal Fair Labor Standards Act, as amended by the Portal to Portal Pay Amendment of 1947 and the DC Code §32-1012(b)and §32-1308 requiring that each member of the class affirmatively "opt-in" to the lawsuit.  This is not a class action.

6.    Plaintiffs either are or have been employed with the Defendant and now bring this suit, in part, upon Defendant's on-going failure to timely pay final paychecks required by D.C. Code §32-1301, et seq.

7.    Plaintiffs and Defendant are employees/employer as defined in the D.C. Code and Plaintiffs are wage earners whom are not exempt/excluded employees under the Code.

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

8.   Whenever Defendant discharges an employee, the Defendant's policy is not, as required by §32-1303, to pay the plaintiffs' final paycheck with all accrued benefits not later than the working day following such discharge.

9.   Also, upon information and belief, whenever a Plaintiff employee resigns or quits, the Defendant does not, as required by §32-1303, pay the plaintiffs' wages upon the next regular payday or within 7 days from the date of quitting or resigning, whichever is earlier.

10.   Under the provisions of the DC Code there is money due and owed from Defendant to plaintiffs plus an additional amount as liquidated damages as defined in the Code and as well as the costs of bringing the action, costs or fees of any nature and also their attorney's fees are to be paid by Defendant.

11.   The actions of Defendant in failing to promptly pay wages as required under the DC Code, Chapter 13 "Payment and Collection of Wages", §32-1301, et seq. to plaintiff and others similarly-situated are willful and without legal justification.

12.   The actions of the Defendant in failing to promptly pay wages for work performed by Plaintiff, and others similarly- situated, has continued and is continuing to this date.

**II. FAILURE TO PAY FOR WORK PERFORMED**

 **(overtime per the FLSA/DC CODE and regular rate of pay DC Code)**

13.   Plaintiffs incorporate paragraphs 1-12 above as stated herein.

14. Defendant is also in violation of the Fair Labor Standards

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

3

Act, 29 U.S.C. §216(b) and the DC Code §32-1001 et seq by refusing and/or failing to pay their Plaintiff employees for the times on their timesheets despite performing their working duties, resulting often in what amounts to an additional amount of unpaid overtime as required by the FLSA and DC Code over and above to the regular amount of hourly pay required to be paid under the DC Code which defines "working time" in §32-1002. Despite Defendant knowing or should have known its employee Plaintiffs were performing work, the Plaintiffs must be compensated for this working time under the Code either at an overtime rate or at their regular hourly rate and yet they are not being paid at all by Defendant for these times. The failure to compensate for the work performed is brought pursuant to the DC Code §32-1012 while the failure to pay the resulting overtime in brought under the FLSA and DC Code §32-1003(c).

15. Defendant has time sheets from Plaintiffs which reflect the time worked by Plaintiffs but even after doing the work as reflected on these time sheets, the Defendant does not pay the actual working times. Defendant does not then pay Plaintiffs for work performed in violation of the DC Code §32-1002(7), (8). Often these uncredited/un-paid-for working hours would have pushed the Plaintiff into an overtime status and Defendant's failure to then pay this working time at an overtime is in violation of the overtime provisions of both the FLSA and the DC Code.

16. The work conducted by the Plaintiffs is not legally de minimis.

17. Plaintiffs' are owed for uncompensated time for working

KENNEDY & DOLAN
SUITE 305
200-A MONROE STREET
ROCKVILLE, MD 20850

301-608-3000

4

for which no compensation is received and for any time worked over 40 hours in a workweek in violation of FLSA, 29 U.S.C. §207(a)(2) et al. and the DC Code §32-1001 et seq.

18.   During the period covered by said employment, Plaintiffs have performed this work and this overtime work for which no additional compensation was paid to them by the Defendant.

19.   Under the provisions of the FLSA, as provided in 29 U.S.C. §§207 and 216, and the DC Code §32-1001 et seq., there is money due and owing from Defendant Magellan to Plaintiffs as compensation for work and for overtime work for three years preceding this Complaint; plus an additional equal amount as liquidated damages in addition to Plaintiffs' costs and attorney's fees.

20.   The actions of Magellan in failing to provide  compensation to the Plaintiffs and others similarly-situated for their work and/or to pay at the additional overtime rate for that work when it pushes the Plaintiff employee past the 40-hour mark for that workweek are willful and without legal justification.

21.   The actions of the Defendant in failing to provide compensation for the time worked at the regular rate of pay and the additional compensation for overtime work performed by Plaintiffs and others similarly-situated went worked past 40 hours in a week, has continued and is continuing to this date despite Plaintiff protests to Defendant about their failure to do so/illegal practice.

22.   At all times relevant hereto, Defendant was/is an employer

5

within the definition of that term as set forth in the FLSA[1] and the applicable DC Code provisions.

21.   At all times relevant hereto, Plaintiffs were/are employees within the definition of that term as set forth in the FLSA and the applicable DC Code provisions.

### DAMAGES

35.   Plaintiffs have suffered and will continue to suffer damage directly as a result of Defendant Magellan's failure to promptly pay wages under the D.C. Code, for its failure to pay overtime in violation of the FLSA and the DC Code for the work performed by plaintiffs and it's failure to pay any wages or any compensation whatsoever as required by the DC Code for the work performed but not paid for on a Plaintiffs' time sheets.

**WHEREFORE**, for the reasons stated in this complaint, plaintiffs respectfully request this Court enter a judgment against Defendant Magellan HRSC, Inc. for an amount to be proven at trial or for an amount over $75,000.00 and/or provide injunctive relief to order Magellan HRSC, Inc.to comply with the law for: (1) its failure to pay overtime for plaintiffs' work past 40 hours in a workweek, plus an equal amount for liquidated damages, and costs and fees under the provisions of the FLSA and the DC Code that this Court also award a reasonable attorneys fee to be paid by defendant as provided for in the FLSA and the DC Code; (2) its failure to pay any compensation whatsoever for plaintiffs' time worked as reflected on their Timecards

---

[1] 29 U.S.C. §203(s) (5) 1986.

despite Magellan HRSC, Inc.'s knowledge of their time worked, plus an equal amount for liquidated damages, and costs and fees under the provisions of the DC Code and that this Court also award a reasonable attorneys fee to be paid by defendant as provided for in the DC Code; and (3)  damages under the DC Code incurred by plaintiffs for Defendant's failing to promptly pay plaintiffs' wages as required under the DC Code and for liquidated damages as defined therein and for all costs and fees of the action, including attorneys fees as so stated therein; and all other proper relief, including pre- and post-judgment interest at the legal rate, and costs of this action.

**PLAINTIFFS DEMAND A JURY TRIAL ON ALL CAUSES OF ACTION**

John F. Kennedy, Esq. D.C. Bar 413509
Kennedy & Dolan
200-A Monroe Street, Suite 305
Rockville, MD 20850
(301) 608-3000, fax: 608-3007
Cell: (202)421-4675
E-mail: JFKDC@aol.com

Patrick A. Malone
Patrick Malone & Associates, P.C.
1111 16th Street, N.W., Suite 400
Washington, DC 20036
(202)742-1500 fax: 742-1515